IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-120 |
| vs. | |
| NORA GILDA GUEVARA TRIANA, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Defendant's Amended Motion for Judgment of Acquittal Under Fed. R. Crim. Proc. 29. Filing 182. Defendant, Nora Gilda Guevara Triana, asserts the evidence offered by the government at her trial for kidnapping and aiding and abetting was insufficient to support the jury's verdict that she was guilty of kidnapping. Filing 182. For the reasons stated below, the Court denies Defendant's motion in its entirety.

## I. BACKGROUND

Count I of the Indictment in this case charged that defendants Tanner J. Leichleiter and Nora Gilda Guevara Triana "did unlawfully and willfully kidnap Victim 1 and Victim 2 and hold for the purpose of ransom, reward, or otherwise, and, in committing or in furtherance of the commission of the offense, did willfully transport Victim 1 and Victim 2 in interstate commerce from Tekamah, Nebraska to Hayesville, Kansas," in violation of 18 U.S.C. § 1201(a)(1) and 18 U.S.C. § 2. Filing 27-1. After a joint trial of Leichleiter and Guevara, the jury found Leichleiter not guilty of kidnapping but convicted Guevara of kidnapping. Filing 171.

At the trial, the government introduced evidence that Guevara and Leichleiter are married, that Guevara's daughter is Karen de la Garza, and that Victim 1 and Victim 2 are de la Garza's children. The government further adduced evidence demonstrating that Leichleiter took Victim 1

1

and Victim 2 from Nebraska to Kansas. It is undisputed that Guevara, de la Garza's mother, remained in Nebraska while Leichleiter transported the boys; de la Garza testified Guevara stayed with her at the motel where they lived and obstructed her from preventing Leichleiter from taking her boys. Filing 177 at 27-28. De la Garza also testified that she did not consent to her boys being taken by Leichleiter and that Guevara assisted Leichleiter in taking the boys. Filing 177 at 194-95. In audio of a police interview with Guevara that was played for the jury and admitted into evidence, Guevara can be heard telling officers that she "knows everything" but would not tell police where the boys were until she spoke with de la Garza, the boys' mother, because she believed de la Garza needed to be taught a lesson. Ex. P21. Guevara refused to tell police where the children were despite the fact that an AMBER Alert had been issued and presumably tens of thousands of people were getting notices on their cell phones of the missing children. Indeed, evidence at trial illustrated that it was the AMBER Alert that came across a Kansas farmer's cellphone that ultimately allowed police to locate the children.

The Court instructed the jury in Instruction No. 8 in this case that the elements of kidnapping were:

> *One*, on or about April 19, 2020, and April 20, 2020, the defendants, unlawfully seized or kept [Victim 1 and Victim 2] without Karen De La Garza's consent;
>
> *Two*, the defendants held [Victim 1 and Victim 2] for the purpose of ransom, reward, or otherwise;
>
> *Three*, the defendants voluntarily and intentionally transported [Victim 1 and Victim 2] while they were seized or kept; and
>
> *Four*, the transportation was in interstate commerce.

Filing 165 at 13. The Court also instructed the jury that each element must be proved beyond a reasonable doubt "as to a defendant" to find that defendant "guilty of the crime charge under Count

2

I." Filing 165 at 13. With respect to aiding and abetting, in the same instruction, the Court went on to instruct:

> A person may also be found guilty of kidnapping even if he or she personally did not do every act constituting the offense charged, if he or she aided and abetted the commission of kidnapping.
>
> In order to have aided and abetted the commission of a crime a person must:
>
> (1) have known kidnapping was being committed or going to be committed;
>
> (2) have had enough advance knowledge of the extent and character of the kidnapping that he or she was able to make the relevant choice to walk away from the kidnapping before all elements of kidnapping were complete; and
>
> (3) have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of kidnapping; and
>
> (4) have intended to kidnap the victims.
>
> For you to find a defendant guilty of kidnapping by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of kidnapping were committed by some person or persons and that the defendant aided and abetted the commission of that crime.

Filing 165 at 13-14.

The jury found Leichleiter not guilty. Filing 171. As is relevant to Guevara, Question 3 of the Court's verdict form asked the jury to choose either guilty or not guilty by filling in the blank as follows: "We, the jury, find defendant Nora Gilda Guevara Triana, [guilty / not guilty], of the crime of kidnapping, as charged in Count I of the Indictment." Filing 171. The jury indicated it found her guilty in response to Question 3. Filing 171. The verdict form then directed jurors to "stop and have your foreperson sign and date this form below" if they had found Guevara guilty as indicated in Question 3. The verdict form included further direction that "[i]f, and only if, you found the defendant, Nora Gilda Guevara Triana, not guilty of the crime of kidnapping, please answer the following question." Filing 171. The following question, Question 4, asked the jury to

find Guevara guilty or not guilty "of the crime of aiding and abetting kidnapping, as charged in Count I of the Indictment." Filing 171. The jury did not answer Question 4, in accordance with the Court's direction. Filing 171.

## II. DISCUSSION

Guevara argues that because there was not evidence that she personally fulfilled all of the elements of kidnapping, no reasonable juror could have found her guilty as the jury did in this case. Specifically, Guevara asserts that there was no evidence she personally seized or kept the boys, held the boys, or transported the boys in interstate commerce. Filing 182-1 at 6. Guevara argues that because the verdict form separated kidnapping and aiding and abetting, and the jury convicted her on kidnapping without reaching the question of aiding and abetting directly, "it is possible" to tell that the jury convicted her on kidnapping "**and not** on aiding and abetting." Filing 182-1 at 11 (emphasis original). Guevara argues there was insufficient evidence on kidnapping independent of an aiding and abetting theory of liability and there is therefore insufficient evidence to support her conviction. Filing 182-1 at 11. The government responds that the evidence presented at trial was sufficient to sustain the jury's guilty verdict, and the verdict form does not reveal the precise theory under which the jurors convicted Guevara. Filing 186 at 6-7.[1]

### A. Standard of Review

"A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Dupont*, 672 F.3d 580, 582 (8th Cir. 2012) (quoting *United States v. Boesen*, 491 F.3d 852, 855 (8th Cir. 2007)). In considering a motion for judgment of acquittal, the

---

[1] The Court denies Guevara's request for a thirty-minute hearing on her motion. Given the evidence presented at trial and the parties' respective briefs filed in relation to the present motion, the Court has all the information and argument before it necessary to decide this motion and a hearing is not necessary.

Court "view[s] the evidence in the light most favorable to the guilty verdict, granting all reasonable inferences that are supported by that evidence." *Id.* (quoting *United States v. Milk*, 447 F.3d 593, 598 (8th Cir. 2006)). The Court must presume the jury decided all evidentiary conflicts in favor of the government. *Id.* (quoting *United States v. Water*, 413 F.3d 812, 816 (8th Cir. 2005)).

### B. Jury Instructions and Verdict Form

Guevara's primary argument[2] in favor of acquittal relies on the notion that the jury could not possibly have found her guilty of kidnapping on Question 3 of the verdict form without finding she personally fulfilled all of the elements of kidnapping. *See* Filing 182-1 at 11 ("The jury's completion of the special verdict form leaves no doubt that it decided guilt on 'kidnapping' as defined in Instruction No. 8 and not on aiding and abetting."). Guevara correctly notes that "[w]hen the district court submits to the jury two or more grounds for conviction, for one of which there was insufficient evidence, and it is impossible to tell on what grounds the jury decided the defendant's guilt, we cannot reverse the jury's general verdict of guilty." *United States v. Dreamer*, 88 F.3d 655, 658 (8th Cir. 1996) (citing *Griffin v. United States*, 502 U.S. 46, 56-60 (1991)); *see* Filing 182-1 at 11. The jury rendered a verdict finding Guerra guilty of kidnapping. Filing 171. The Court instructed the jury in Instruction No. 8 that "[a] person may also be found guilty of kidnapping even if he or she personally did not do every act constituting the offense charged, if he or she aided and abetted the commission of kidnapping." Filing 165 at 13. This sentence specifically instructed the jury that they could find Guevara guilty of kidnapping, as it was listed

---

[2] Guevara also argues that there was conflicting testimony from de la Garza about whether she consented to Guevara and Leichleiter removing the boys and this evidence "further supports an acquittal." Filing 182-1 at 12. Guevara argues de la Garza "provided contrary testimony during direct and re-direct examination" as to whether she consented to the boys' removal. Because the Court must "must presume the jury decided all evidentiary conflicts in favor of the government" in deciding a motion for acquittal, *Dupont*, 672 F.3d at 582, Guevara's argument in this regard is unavailing.

on the verdict form, even if they find she aided and abetted kidnapping. This alone requires the Court to reject Guevara's motion for acquittal.

Further, the fact that the Court granted the request from the Government to separately list aiding and abetting kidnapping on the verdict form does not somehow change what is required to support a verdict of kidnapping. Eighth Circuit case law is clear that a defendant may be convicted of a principal offense if he or she aided and abetted its commission, even without personally fulfilling all the elements of the principal offense. *See, e.g.*, *United States v. Santana*, 524 F.3d 851, 854 (8th Cir. 2008); *see also* Eighth Circuit Model Criminal Jury Instructions (2020) § 5.01. "To be guilty of aiding and abetting is to be guilty as if one were a principal of the underlying offense." *United States v. Roan Eagle*, 867 F.2d 436, 445 (8th Cir. 1989). "Aiding and abetting is not a separate crime but rather is linked to the underlying offense and shares the requisite intent of that offense." *Id.* Thus, based on the law and the Court's instructions to the jury, if there were sufficient evidence that Guevara aided and abetted kidnapping, a reasonable jury could find her guilty of kidnapping.

Finally, the United States argues that defendant Guevara could still be guilty of kidnapping even without an aiding and abetting theory. The United States argues that despite the fact that Guevara was not the person who "physically took the victims across state lines or removed them from the home[,]" Filing 186 at 10, authority pursuant to *United States v. Ross*, 969 F.3d 829 (8th Cir. 2020); *United States v. Welch*, 10 F.3d 573 (8th Cir. 1993); and *United States v. Bankston*, 603 F.2d 528 (5th Cir. 1979) illustrates that a guilty verdict on kidnapping without an aiding and abetting theory is proper if the jury concluded that Guevara "directed [Leichleiter] to take every action—as a principal would do." Filing 186 at 10.

Although the Court believes there was sufficient evidence supporting the notion that Guevara took part in planning and directing Leichleiter's actions with regard to the kidnapping, the Court need not address the legal question of whether Guevara could have been convicted of kidnapping without an aiding and abetting theory. This is because the Court has already concluded a verdict of guilty on kidnapping necessarily included the possibility of a verdict of guilty on kidnapping pursuant to an aiding and abetting theory.

The Court has no way of knowing whether the jury indeed found Guevara guilty of kidnapping without reliance upon an aiding and abetting theory. But even if this happened, it would not disturb the result reached by the jury in this case. United States Supreme Court precedent is clear; a verdict stands as long as the evidence is sufficient "with respect to any one of the acts charged," and certainly the facts support a finding of guilty of kidnapping pursuant to aiding and abetting theory. *See Turner v. United States*, 396 U.S. 398, 420 (1970) ("[W]hen a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged."); *see also Griffin v. United States*, 502 U.S. 46, 50 (1991) ("[I]n any criminal case a general verdict and judgement on an indictment or information containing several counts cannot be reversed . . . if any one of the counts is good, . . . the presumption of the law is that the court awarded sentence on the good county only."). Here, the kidnapping verdict can be supported under an aiding and abetting theory. That is the law and exactly what the jury was instructed. The verdict stands.

The Court acknowledges the unique situation here where the jury decided to find Guevara guilty of kidnapping, while the individual who actually took the children out of state in his car, Leichleiter, was found not guilty of kidnapping. Defendant Guevara's arguments that the verdict should be thrown out ultimately rest on the contention that the jury was confused and did not know

7

what it was doing. This Court concludes the jury knew exactly what it was doing. It found Guevara guilty and Leichleiter not guilty. The jury's verdict—and its filling out of the verdict form—is supported by the law and the evidence at trial. The verdict clearly illustrates the jury's intentions. Indeed, nothing about the split-verdict indicates the jury was confused or failed to follow the Court's instructions; to the contrary, it indicates the jury closely and properly considered the evidence against each defendant separately, as the Court instructed.

### C. Sufficiency of the Evidence

Guevara contends the evidence was insufficient to demonstrate that she personally met each element of kidnapping. *See* Filing 182-1. As the Court has determined, however, the question at issue is whether the evidence is sufficient to support her conviction for kidnapping, not whether her conviction can be maintained independent of an aiding and abetting theory of liability.

As noted previously, the Court instructed the jury, to have aided and abetted kidnapping, one must:

> (1) have known kidnapping was being committed or going to be committed;
>
> (2) have had enough advance knowledge of the extent and character of the kidnapping that he or she was able to make the relevant choice to walk away from the kidnapping before all elements of kidnapping were complete; and
>
> (3) have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of kidnapping; and
>
> (4) have intended to kidnap the victims.

Filing 165 at 13. Further, "the government must prove beyond a reasonable doubt that all of the elements of kidnapping were committed by some person or persons and that the defendant aided and abetted the commission of that crime." Filing 165 at 14.

Karen de la Garza testified Guevara told her while the boys were still in the motel "that that Tanner [Leichleiter] was going to take the boys because I didn't love them, because I didn't

8

deserve to be their mother. She said that I wasn't going to be able to see them ever again . . . ." Filing 177 at 26. She further testified that her mother physically restrained her and hit her cell phone and smart watch with a hammer. Filing 177 at 22, 27. This testimony alone, viewed in the light most favorable to the government, is enough to allow a reasonable jury to conclude that Guevara knew of the impending kidnapping, could have walked away but did not, acted to aid Leichleiter taking the boys, and acted with the requisite intent to commit kidnapping. Other evidence, such as Guevara's interview wherein she says she knows "everything" but will not say where the boys are until she speaks with her daughter, further supports the conclusion that she was involved in a plan to kidnap the boys, even though she did not personally transport them. *See* Ex. P21.

  As to whether the elements of kidnapping were committed by "some person or persons," it is undisputed that Leichleiter took the boys to Kansas. *See* Filing 182-1 at 6. It was disputed at trial whether or not Karen de la Garza consented to Leichleiter taking the boys, but she testified under oath several times that she did not consent to Leichleiter taking her boys from Nebraska. *See, e.g.*, Filing 177 at 194. Thus, there is evidence from which the jury could conclude that Leichleiter took the boys without consent and transported them in interstate commerce. There was also evidence that the boys were taken "for the purpose of ransom, reward, or otherwise," specifically to teach de la Garza a lesson, either because of her allegedly deficient parenting skills or her decision to allow her boyfriend rather than Leichleiter to claim the boys as dependents on his tax return. *See, e.g.*, Ex. P21.

  The fact that the jury did not convict Leichleiter of kidnapping has no effect on the analysis. It is possible, for instance, that the jury convicted Guevara and not Leichleiter by finding she acted with the necessary intent while he did not. Ultimately though, it is of no consequence because it is

well established that a codefendant or an aider and abettor can be convicted despite the acquittal of others involved in the alleged crime. *Standefer v. United States*, 447 U.S. 10, 20 (1980) ("With the enactment of [18 U.S.C. §2, the aiding and abetting statute], all participants in conduct violating a federal criminal statute are 'principals.' As such, they are punishable for their criminal conduct; the fate of other participants is irrelevant."). There was evidence before the jury from which jurors could reasonably conclude that Guevara fulfilled all of the elements of aiding and abetting kidnapping and that some person or persons fulfilled the elements of kidnapping. Thus, a judgment of acquittal is not warranted.

### III. CONCLUSION

The Court finds that the evidence submitted to the jury was sufficient to support its guilty verdict on the charge of kidnapping with regard to Guevara. Accordingly,

IT IS ORDERED:

1. Filing 180 is terminated as moot based on Defendant filing an amended motion; and
2. Defendant's Amended Motion for Judgment of Acquittal Under Fed. R. Crim. Proc. 29, Filing 182, is denied.

Dated this 23rd day of September, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge